## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON
## CASE NO. _____

| | | |
|---|---|---|
| **ROBERT VESELOVEC** | : | |
| 2055 Holderness Drive | : | |
| Union, Kentucky  41091 | : | **Judge** |
|            **PLAINTIFF** | : | |
| **v.** | : | _____ |
| | : | |
| | : | **Magistrate Judge** |
| | : | |
| **FIDELITY WORKPLACE INVESTING LLC DBA** | : | _____ |
| **FIDELITY INVESTMENTS** | | |
| SERVE: Fidelity Workplace Investing LLC | : | |
|     C/O CT Corporation System | : | **COMPLAINT AND** |
|     306 W. Main Street | : | **JURY DEMAND** |
|     Suite 512 | : | |
|     Frankfort, KY 40601 | : | |
| | : | |
| AND | : | |
| | : | |
| **FMR LLC DBA FIDELITY INVESTMENTS** | : | |
| SERVE: FMR LLC | : | |
|     C/O CT Corporation System | : | |
|     306 W. Main Street | : | |
|     Suite 512 | : | |
|     Frankfort, KY 40601 | : | |
| | : | |
|            **DEFENDANTS** | : | |

### PRELIMINARY STATEHIMNT

1. Plaintiff Robert Veselovec brings this action against Defendants Fidelity Workplace Investing LLC dba Fidelity Investments and FMR LLC dba Fidelity Investments, seeking redress for injuries he suffered as a result of age discrimination and retaliation for complaining about such discrimination in violation of his rights protected by the Age

Discrimination in Employment Act, as amended, 29 U.S.C. §623 *et seq.,* and as protected by the Kentucky Civil Rights Act, KRS 344.450 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343 (4). Federal Jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1343(4) to secure protection and to redress deprivations of rights conferred by the Age Discrimination in Employment Act of 1967 as amended (ADEA), 29 U.S.C. § 623. Plaintiff has exhausted his administrative remedy by filing a timely Charge of Discrimination on December 14, 2020, and received his Notice of Right to Sue on August 30, 2021.

## VENUE

3. Venue of this Court is invoked pursuant to 28 U.S.C. § 1391 (b)(1) and (2). Venue is appropriate because Defendants resides within this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred with this judicial district.

## PARTIES

4. Plaintiff Robert Veselovec was born on July 5, 1966, and at all times relevant hereto was employed by Defendant Fidelity Workplace Investing, LLC, at its offices in Covington, Kentucky, and was within the protected age category as defined by 29 U.S.C. § 623. He is a citizen and resident of Union, Kentucky.

5. Defendant Fidelity Workplace Investing LLC dba Fidelity Investments, is an investment company organized under the laws of the State of Delaware, licensed to do business in the

Commonwealth of Kentucky and regularly conducts business in Kentucky and within this District. At all relevant times, this Defendant employed more than 500 employees on a full-time basis, including more than 50 employees within the Commonwealth of Kentucky, and is considered and employer within the meaning of the Age Discrimination in Employment Act, (ADEA) as amended, and the Kentucky Civil Rights Act, KRS 344.030 et seq.

6. Defendant FMR LLC dba Fidelity Investments, ("Fidelity Workplace Investing" and "FMR LLC" will be collectiviely referred to as "Fidelity" or "Defendant") will is an investment company organized under the laws of the State of Delaware, licensed to do business in the Commonwealth of Kentucky and regularly conducts business in Kentucky and within this District. At all relevant times, this Defendant employed more than 500 employees on a full- time basis, including more than 50 employees within the Commonwealth of Kentucky, and is considered and employer within the meaning of the Age Discrimination in Employment Act, (ADEA) as amended, and the Kentucky Civil Rights Act, KRS 344.030 et seq.

**FACTS**

7. Plaintiff Robert Veselovec was born July 5, 1966. He was hired by Defendant Fidelity on August 20, 2007, as a Senior Client Service Manager (CSM) in the Strategic Market in Fidelity's Covington office. As a Senior CSM, Plaintiff's next advancement would be to a Director's position in that Market.

8. Prior to October of 2015, Plaintiff informed his supervisors that he was interested in a promotion to a Director's position in the Strategic Market and on at least one occasion submitted an application for Director and was shortly thereafter told by his manager that Plaintiff was not allowed to apply for the promotion.

9. In October or November of 2015, Fidelity moved Plaintiff and at least four other "older" (45 to 57 years of age) Strategic CSMs out of the Strategic Team in the Covington Office and moved them onto teams with managers from a lower market, identified as Large/Select in the Covington Office. While 2 to 3 other CSMs were relocated as well to that Market. Fidelity selected the four oldest from the Strategic Market for move to the Large/Select Market.

10. Of the six to seven CSMs moved to the Large/Select Market at least five were in the protected age group of 40 and older.

11. Fidelity, for unexplained reasons, singled out mostly older CSMs for this move. This move would necessarily have an adverse impact on career growth for those older employees, including Plaintiff. For example, there are no Director CSM positions available in the Large/Select Market and none of the five older CSMs have since received any promotion to Director.

12. Strategic CSMs in the Covington Office with less experience, whose performance was not as good as Plaintiff's performance, were not required to move to a lower market segment.

13. Plaintiff had been told previously by Plaintiff's supervisor, that when his book of clients surpassed $10 billion in assets, he would be eligible for a promotion to a Director's position. In fact, while Fidelity does post Director positions, employees have been told by numerous managers that Strategic CSMs would not be considered for promotion through the normal application process that Plaintiff had previously followed for such promotion. Rather, CSMs are handpicked by Fidelity for such promotions.

14. In 2017, Plaintiff's book of clients surpassed $10 billion, reaching $12 billion in assets. Since that time, on at least 3 or 4 occasions through the end of December 2019, Plaintiff

had asked for and been denied a promotion to a Director's position. Every time Plaintiff inquired about a promotion, he was told the criteria has changed, but never provided information on what criteria Fidelity was actually using to promote CSMs.

15. Sometime around November or December of 2019, Plaintiff made his manager, Mitchell Davis, aware of Plaintiff's continued interest in promotion to Director. Plaintiff asked him why Plaintiff wasn't being promoted to Director, while less experienced and less qualified CSMs were. Mr. Davis did not offer him an explanation other than, "it's hard to become a Director."

16. In January 2020, Charley Baruth, approximately 10 to 15 years younger than Plaintiff, less experienced and less qualified CSM was promoted to Director. Baruth was hired into a CSM position in the Covington office several years after Plaintiff and was promoted to a Director position in 2020. At that time Plaintiff had approximately 33 years of experience within retirement services in a client facing role, which was experience necessary to fill the Director's position. Ms. Baruth, had at least 10 to 15 fewer years of such experience.

17. Again, in early 2020, Plaintiff asked his manager why Plaintiff was not being considered for promotion while less experienced younger individuals were getting promotions to Director, and Plaintiff was offered no explanation.

18. In late 2019 or early 2020, Mr. Davis told Plaintiff that he didn't see him being promoted for years and if Plaintiff wanted to be a Director, Plaintiff had to seek a different role in the organization that might get him there. Again, he offered no explanation as to why, with Plaintiff's experience and credentials, Plaintiff was not receiving or being considered for a promotion to a Director's position.

19. Because Plaintiff's Manager had made it clear in February of 2020 that Defendant would not promote him, Plaintiff transferred to a position of Data Consultant.

20. In April of 2020, Plaintiff informed his manager in that department that Plaintiff didn't think Data Consultant position would ultimately be a good fit and that after 12 months, the required minimum timeframe to be in a new role at Fidelity before moving out, Plaintiff would continue to look for positions that would, consistent with Plaintiff's experience and qualifications, allow him to obtain a promotion. Plaintiff's manager agreed and gave him permission to start looking for other positions immediately.

21. On April 30, 2020, Plaintiff was informed by Christopher Chaves, his manager, that Plaintiff was being terminated by Defendant, but that Defendant would give him until July 31, 2020 (later extended to September 30, 2020) within which to find another position within Fidelity.

22. There was no legitimate reason for Fidelity to terminate Plaintiff, as his performance had consistently met or exceeded Fidelity's expectations and the performance of many of his similarly situated CSM and Data Consultant peers.

23. In May of 2020, Plaintiff asked Mitchell Davis if Plaintiff could return to his previous position as a Strategic CSM. Plaintiff was informed by Mr. Davis that there was a CSM position opening soon, but that it did not look good for him because "of the way Plaintiff handled things" and gave no further explanation. Plaintiff understood that Davis was referring to the fact that Plaintiff's managers were upset that Plaintiff had previously complained about less experienced younger individuals receiving promotions over him. Defendant did or should have understood those complaints as complaints that younger

individuals, with fewer qualifications than Plaintiff's were consistently receiving promotions to a Director's position at Plaintiff's expense.

24. In June of 2020, Plaintiff interviewed for a CSM role in Tax Exempt Market. Although Plaintiff was unquestionably qualified for that position with 32 years of experience in Client Services and almost 13 years as a Strategic CSM with Fidelity, the position was given to a 26-year-old with 5 years of working experience and no experience in customer service.

25. Also, in June of 2020, Plaintiff interviewed for the CSM role in Large/Select Market. One of the first questions Plaintiff was asked by the manager (Dan Lysaght) during his interview with Plaintiff for the position, was: "How many years until you'll be retiring," suggesting that Fidelity would prefer if Plaintiff left the company because of his age. This position was likewise given to a much younger woman (approximately 26 years of age) who had no experience as a CSM.

26. Also, in June of 2020, Plaintiff interviewed for the CSM role in Strategic Market, Plaintiff's previous position. The position was only open to internal associates and one of the many requirements of the role was that you had to be client facing for 10+ years. The position was given to a 33-year-old woman from Louisville, KY who did not have 10+ years client facing experience, never worked for Fidelity, and overall did not meet the requirements of the job. In fact, this individual was actually hired in at a Director CSM position that Plaintiff had consistently been denied in the past.

27. In October of 2020, Plaintiff was offered and accepted a position that was "newly created" but that involved the same duties Plaintiff had been performing with his then current

manager, Chris Chaves. However, Plaintiff was required to take a 15% reduction in pay to stay with Fidelity. If Plaintiff had not accepted the position, Plaintiff was told he would be terminated.

28. During the period between April and September of 2020, Plaintiff applied for three (3) other positions, including Service Delivery Manager, Senior Manager Participant Readiness and Business Analyst, all of which would have paid more than the position Plaintiff currently occupies with the 15% pay reduction Plaintiff was required to take to avoid termination. At least two (2) of those positions were filled by younger individuals, who Plaintiff reasonably believes, based on Plaintiff's experience, were substantially less qualified than Plaintiff.

29. At all relevant times, Plaintiff has been denied the above-described positions by Defendant because of Plaintiff's age. Further, in denying the above described positions to Plaintiff, Defendant has retaliated against Plaintiff because of, and were motivated by Plaintiff's repeated complaints about being passed over for promotions and better positions that were consistently filled by individuals substantially younger than he with substantially less relevant experience in the functions required of each of the above positions in violation of Plaintiff's rights under the Age Discrimination in Employment Act, as amended, and in violation of the Kentucky Civil Rights Act.

30. At all relevant times, Defendant was or should have been aware that its treatment of Plaintiff as described above violated Plaintiff's rights as protected by the ADEA. Defendant's conduct was intentional and occurred in willful and wanton disregard of Plaintiff's rights under the ADEA.

31. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct as described above, Plaintiff has suffered lost wages and will in the future continue to suffer lost wages in an amount to be determined by the evidence at trial.

32. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct as described above, Plaintiff has suffered serious emotional injury and personal and professional humiliation, all to his damage in an amount to be determined at trial.

## COUNT I
## AGE DISCRIMINATION AND RETALIATION
## 29 U.S.C. §§ 621-634

33. Plaintiff incorporates by reference and realleges each and every allegation of this Complaint.

34. At all times relevant, Defendant met the definition of an employer within the meaning of of the ADEA, 29 U.S.C. §§ 621-634. At all relevant times, Mr. Veselovec was qualified for the positions of Customer Service Manager (CSM), Director CSM, Service Delivery Manager, Senior Manager Participant Readiness and Business Analyst, by virtue of his educational background and his successful experience in performing job functions the same or substantially similar to those required of those positions for more than 20 years. Defendant took the above-described employment actions in denying Plaintiff multiple CSM and Director positions and in denying him positions of Service Delivery Manager, Senior Manager Participant Readiness and Business Analyst, all positions for which he was qualified and which were ultimately filled by individuals who had substantially less experience and lesser qualifications than Plaintiff and who were substantially younger than Plaintiff. Defendant's actions in denying Plaintiff these positions was motivated by his age

and/or in retaliation for his complaints of being passed over for these positions because of his age by younger less experienced and otherwise less qualified individuals.

35. By discriminating and retaliating against Plaintiff as described above because of his age and/or because of his complaints of discriminatory conduct, Defendant has violated Mr. Veselovec's rights to be free from discrimination in the terms, conditions, and opportunities for employment on account of age and his right to be free from retaliation in violation of the ADEA, 29 U.S.C. §§ 621-634, *et seq.* Defendant engaged in said conduct with knowledge of the Plaintiff's rights under the ADEA and in intentional and reckless disregard of its requirements, all to Plaintiff's injury and damages in an amount to be determined by the evidence at trial.

## COUNT II
## AGE DISCRIMINATION UNDER KCRA
## KRS 344.010 *et seq.*

36. Plaintiff incorporates by reference and realleges each and every allegation of this Complaint.

37. At all times relevant, Defendant met the definition of an employer within the meaning of of the KCRA. At all relevant times, Mr. Veselovec was qualified for the positions of Customer Service Manager (CSM), Director CSM, Service Delivery Manager, Senior Manager Participant Readiness and Business Analyst, by virtue of his educational background and his successful experience in performing job functions the same or substantially similar to that which was required of the those for more than 20 years. Defendant took the above-described employment actions in denying Plaintiff multiple CSM and Director positions and in denying him positions of Service Delivery Manager, Senior Manager Participant Readiness and Business Analyst, all positions for which he was

qualified and which were ultimately filled by individuals who had substantially less experience and lesser qualifications than Plaintiff and who were substantially younger than Plaintiff. Defendant's actions in denying Plaintiff these positions were motivated by his age and/or in retaliation for his complaints of being passed over for these positions because of his age by younger less experienced and otherwise less qualified individuals.

38. By discriminating and retaliating against Plaintiff as described above because of his age and/or because of his complaints of discriminatory conduct, Defendant has violated Mr. Veselovec's rights to be free from discrimination in the terms, conditions, and opportunities for employment on account of age and his right to be free from retaliation in violation of the KCRA, KRS 344.040 *et seq.,* all to Plaintiff's injury and damages in an amount to be determined by the evidence at trial.

## COUNT III
## ADEA LIQUIDATED DAMAGES

39. Plaintiff incorporates by reference and realleges each and every allegation of this Complaint.

40. Defendant's conduct as described above was intentional and occurred in willful and wanton disregard of Plaintiff's rights as protected by the ADEA entitling Plaintiff to and award of liquidated damages in an amount equal to the wages and benefits Plaintiff lost as a direct result of Defendant's discriminatory and retaliatory conduct.

**WHEREFORE,** Plaintiff prays for the following relief:

A. For an award of all recoverable compensatory damages;

B. For an award of liquidated damages in an amount equal to all lost wages and benefits;

C. For an award of equitable relief sufficient to protect Plaintiff from continued violation of his rights under the ADEA and KCRA;

D. For and award of attorney fees and costs;

E. For all other relief to which he may appear entitled.

                Respectfully submitted,

                /s/ *Michael O'Hara*
                MICHAEL JAY O'HARA (KY 52530)
                AARON M. BECK (KY 91496)
                O'HARA, TAYLOR, SLOAN, CASSIDY, BECK, PLLC
                25 Town Center Boulevard, Suite 201
                Covington, Kentucky 41017
                mohara@oharataylor.com
                aaronbeck@oharataylor.com
                (859) 331-2000
                FAX: (859) 578-3365
                ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Pursuant to Federal Rule 38, Plaintiff herewith demands that all issues of fact in the foregoing Complaint be tried to a jury.

                /s/ Michael J. O'Hara
                MICHAEL J. O'HARA
                O'HARA, TAYLOR, SLOAN & CASSIDY